# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

TROY MAJOR,                    :

                                 :

        **Plaintiff,**         :

**VS.**                           :

                                 :     **NO. 5:15-CV-483-MTT-MSH**

**Warden ROBERT TOOLE**, *et al.*,  :

                                 :

        **Defendants.**     :

_____  :

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants Davis and Shumake's motion to dismiss for failure to exhaust (ECF No. 56), and Defendants' motion to have the claims against Defendants Williams, Chatman, McCloud, Bishop, Toole, Paul, Powell, Logan, Bryson, Upton, Jacobs, DeLoach, and Dean severed from this action for misjoinder (ECF No. 57). Plaintiff failed to file a response to either motion, and the time in which to do so elapsed. Also pending before the Court are Plaintiff's motion to amend (ECF No. 63), motion to appoint counsel (ECF No. 64), motion to object (ECF No. 65), and motion for preliminary injunction (ECF No. 66). For the reasons discussed herein, it is recommended that Defendants Davis and Shumake's motion be granted, Defendants' motion to dismiss for misjoinder be granted, and Plaintiff's motion for preliminary injunction be denied. Plaintiff's motion to appoint counsel, and motion to object are denied. Plaintiff's motion to amend is granted in part.

## BACKGROUND

Plaintiff's claims arise out of his incarceration at the Georgia State Prison ("GSP") in Reidsville, Georgia and his subsequent transfer to the Georgia Diagnostic and Classification Prison ("GDCP") in Jackson, Georgia.  Compl. 9, 11, ECF No. 1.    After a preliminary review, Plaintiff's sexual assault and retaliation claims against Defendant Johnson, his excessive force claims against Defendants Davis and Shumake, his failure to intervene claims against Defendants Deloach and Smith, and his claims regarding his Tier III classification were allowed to proceed for further factual development.  Order 1-2, Nov. 29, 2016, ECF No. 62.  Defendants filed motions to dismiss on August 12, 2016 (ECF Nos. 56, 57) and Plaintiff did not respond.  These are ripe for review.  Plaintiff also filed several motions in January 2017 (ECF Nos. 63, 64, 65, 66), which the Court considers below.

## DISCUSSION

### I.    Plaintiff's Motions

#### A.    Motion to Amend

Plaintiff filed a motion for leave to file an amended complaint on January 8, 2017 (ECF No. 63).  Pursuant to Federal Rule of Civil Procedure 15(a)(2), when the time for amendment as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15 instructs the Court to "freely give leave when justice so requires."  *Id.*  However, leave to amend is "by no means automatic."  *Layfield v. Bill Heard Chevrolet Co.,* 607 F.2d 1097, 1099 (5th Cir. 1979).  "[A] motion to amend may be denied on numerous grounds,

2

such as undue delay, undue prejudice to the defendants, and futility of the amendment."

*Carruthers v. BSA Adver., Inc.,* 357 F.3d 1213, 1218 (11th Cir.2004) (internal citation

and quotation marks omitted).  Where a party demonstrates unjustifiable delay in moving

to amend, the court may deny the party's motion.  *Wright v. Waller*, No. 5:10-CV-254-

MTT, 2011 WL 3665118, at *1 (M.D. Ga. Aug. 22, 2011) (denying Plaintiff's motion to

for leave where the amended complaint was filed a year after the original complaint and

seven months after defendant's motion to dismiss, and plaintiff did not attempt to justify

the delay nor suggest the new claims were unknown at the time the original complaint

was filed).

In the instant case, Plaintiff filed his motion to amend over a year after he filed his

original complaint and almost five months after Defendants filed their motion to dismiss.

He provides no explanation for the delay.  Plaintiff's Proposed Amended Complaint

appears to be, in part, an attempt to respond to the arguments of Defendants Davis and

Shumake's motion to dismiss.   To the extent that Plaintiff's Proposed Amended

Complaint more fully develops the record as to this issue of exhaustion, it is granted and

the Court considers the facts and assertions therein.  For the reasons set forth above, the

Plaintiff's motion for leave is denied as to the remained of his Proposed Amended

Complaint.

B.      Motion to Appoint Counsel

Plaintiff requests that legal counsel be appointed for him in this case (ECF No.

64).  Pursuant to 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to

represent any person unable to afford counsel."   There is, however, "no absolute

3

constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

Here, Plaintiff filed a § 1983 *pro se* complaint on a standard form and attached a jury demand (ECF No. 1). The facts stated in Plaintiff's Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex. The Complaint and Amended Complaint demonstrate that Plaintiff is able to articulate his claims and that he has a basic understanding of the law. The undersigned thus finds that the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of an attorney—despite his inability to afford counsel, limited access to the law library, and inability to find private counsel. *See* Mot. for the Appointment of Counsel 1, ECF No. 64 (referring to and incorporating Mot. for the Appointment of Counsel 1-2, ECF No. 9). Plaintiff's Motion for the Appointment of Counsel (ECF No. 64) is accordingly denied.

C.      Motion to Object

On January 8, 2017, Plaintiff filed a "Motion to Object" (ECF No. 65), objecting to U.S. District Court Judge Treadwell's Order at ECF No. 62. Mot. to Object 1. Plaintiff adopts and incorporates the arguments set forth in his objection (ECF No. 55) to the Magistrate's Report and Recommendation (ECF No. 18). *Id.* Plaintiff avers that he must assert these arguments "in order to preserve them." Objections are only proper to a

magistrate judge's report and recommendation, not to a District Court's orders.[1]   28 U.S.C. § 636(b)(1).   Plaintiff's motion to object is therefore denied.

D.     Motion for Injunctive Relief

On January 15, 2017, Plaintiff filed "A Letter of Concern an[d] Complaint" (ECF No. 66).   The Court construes this document as a motion for injunctive relief.   Plaintiff seeks to have the Court "make Defendants Powell, Young uphold they oath, duties" and "take immediate[] action, stop all retaliation, harassment[.]"   Essentially, Plaintiff wants the prison officials to obey the law.   Such injunctive relief is impermissible.   *See, e.g., Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006) ("It is well-established in this circuit that an injunction demanding that a party do nothing more specific than "obey the law" is impermissible.").   It is consequently recommended that Plaintiff's motion for injunctive relief (ECF No. 66) be denied.

## II.   Defendants Davis and Shumake's Motion to Dismiss for Failure to Exhaust

Defendants Davis and Shumake move to dismiss, arguing that Plaintiff failed to exhaust.   Defs.' Mot. to Dismiss 4, ECF No. 56.   Plaintiff did not respond, except to further develop the record in his motion for leave to amend.   Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance

---

[1] District Court orders are, however, appealable to the extent that they are final orders.

and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted).  The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").  Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings.  *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process."  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.*  If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed.  *Id.*  "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  *Id.*  The defendant bears the burden of proof during this second step.  *Id.*

Defendants Davis and Shumake move to dismiss for lack of exhaustion claiming that the Georgia Department of Corrections (GDOC) has a grievance procedure which applies to all inmates, but that Plaintiff failed to utilize this procedure regarding the claim against them.  Defs.' Mot. to Dismiss 3-6.  Plaintiff did not file a response to Defendants' motion to dismiss.

6

Defendants provided the GDOC's Standard Operating Procedures regarding grievances. Footman Aff. Attach. 1, ECF No 56-2. The GDOC grievance procedure consists of two steps: (1) the Original Grievance and (2) the Central Office Appeal. *Id.* at 7. An inmate must file an Original Grievance no later than ten (10) calendar days from the date the offender knew or should have known of the facts giving rise to the grievance. *Id.*

Plaintiff averred—without specific detail—in his original Complaint that he presented his complaints as a grievance. Compl. 3. Plaintiff provided no grievance number, grievance receipt, date, or explanation of the specific claims he grieved. *See generally* Compl. In Plaintiff's Proposed Amended Complaint, Plaintiff avers for the first time that "state officials refused to process grievance, grievance appeal, and written/declarations[.]" Proposed Am. Compl. 1, ECF No. 63-1. Plaintiff also states that he "verbally informed Defendant DeLoach and Smith of assault/excessive force and requested emergency medical treatment" and that his wife "emailed/call Commissioner's office on 6-18-14 informing and complaining about excessive force[.]" *Id.* Plaintiff states that the emails he attached to his Proposed Amended Complaint demonstrate that he filed grievances. *Id.* 1-2. Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

Since the Complaint was not dismissed at the first step, the Court can make factual findings relating to exhaustion. A defendant bears the burden of establishing a lack of

exhaustion at the second step of the inquiry.  *Turner*, 541 F.3d at 1082-83.  The Court makes the following factual findings and determines that Defendants have met their burden regarding the Plaintiff's claims against Defendants Davis and Shumake.

The alleged excessive force incident occurred on May 14, 2014.  Compl. 10.  On the same day, Plaintiff was transferred to Georgia Diagnostic and Classification State Prison.  Defendants provided Plaintiff's grievance history, which does show that Plaintiff filed a grievance on May 21, 2014—within the ten-day window to file a grievance after a May 14, 2014 incident.  Footman Aff. Attach. 2, ECF No. 56-3.  However, Plaintiff only grieves the confiscation and withholding of his personal property and legal mail.   Defs.' Footman Aff. Attach. 3, ECF No. 56-4.  Plaintiff does not mention any allegations of excessive force.  *See id.*  This is the only filed grievance—on any subject—within two weeks of the alleged excessive force.  *See* Footman Aff. Attach. 2, ECF No. 56-3. The next filed grievance on June 11, 2014 relates to a policy/procedural challenge.  *Id.* Plaintiff was able to file and exhaust at least six grievances between the date of the alleged excessive force incident and the end of 2014—none of which relate to excessive force.  His cursory, non-specific assertions that the grievance process was unavailable to him are therefore unavailing.

Plaintiff's assertions that his wife's emails exhausted his administrative remedies are likewise unpersuasive.  The only email attached to Plaintiff's Proposed Amended Complaint relating to any allegation of excessive force is dated July 24, 2012 (almost two years before the alleged incident) and concerns a "Lt. McFarland," who is not a party to this action.  Proposed Am. Compl. Ex. "E-mails to Ombudsman" at 2, ECF 63-3.

Moreover, even if the email addressed the incident complained of in this action, an email would not fulfill the exhaustion requirement. *See, e.g., Whatley v. Warden, Ware State Prison,* 802 F.3d 1205, 1208 (11th Cir. 2015) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)) ("To properly exhaust, a prisoner must '[c]ompl[y] with prison grievance procedures.'")

Plaintiff had at least four opportunities—his Complaint (ECF No. 1), Supplement to his Complaint (ECF No. 15), Proposed Amended Complaint (ECF No. 63), and the opportunity to respond to Defendants' motion to dismiss—to present evidence that he exhausted his claims against Defendants Davis and Shumake.  This Court finds no evidence that those claims were ever grieved.  It is thus recommended that Defendants Davis and Shumake's motion to dismiss for failure to exhaust be granted.

## III.   Defendants' Motion to Sever Parties

Defendants also move to sever Defendants Williams, Chatman, McCloud, Bishop, Toole, Paul, Powell, Logan, Bryson, Upton, Jacobs, DeLoach, and Dean from this action, asserting misjoinder.  Defs.' Mot. to Drop Parties 1-3, ECF No. 57.  Plaintiff similarly failed to respond to this motion.

Federal Rule of Civil Procedure 18 authorizes joinder of claims and Rule 20 contemplates permissive joinder of defendants.  A "plaintiff may join multiple defendants in a single action only if the right to relief asserted against them arises 'out of the same transaction, occurrence, or series of transactions or occurrences' and if 'any question of law or fact common to all defendants will arise in the action.'  Fed. R. Civ. P. 20(a).  "[A] claim arises out of the same transaction or occurrence if there is a logical relationship

between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

"[A] § 1983 plaintiff may set forth only related claims in one civil rights complaint. He may not join unrelated claims and defendants unless the claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action.'" *Bert v. Dep't of Corr.,* 5:16-cv-160-MTT-MSH, 2016 WL 6208317, at *4 (M. D. Ga. Aug. 25, 2016) (quoting Fed. R. Civ. P. 20(a)(2)(A)-(B)).  Rule 21 allows the court to drop a party or sever any claim against a party where there is misjoinder.  Fed. R. Civ. P. 21; *see also Randall v. Jackson Cty.*, 3:16-cv-147-CDL, 2016 WL 6395901, at *1 (M. D. Ga, Oct. 26, 2016) ("Based on the Court's review, Counts One, Two, and Three assert three separate substantive claims based on the alleged conduct of three separate groups of Defendants. It is not clear from the face of the Complaint how these claims and Defendants are properly joined under Federal Rules of Civil Procedure 18 and 20(2). Thus, it appears that the claims should be severed under Rule 21.")

Plaintiff's claims in this case are: sexual assault and retaliation claims against Defendant Johnson, excessive force claims against Defendants Davis and Shumake, failure to intervene claims against Defendants Deloach and Smith, and claims regarding his Tier III classification.  Plaintiff's claims against Defendant Johnson are related to allegations of sexual assault on February 7, 2014 at Georgia State Prision and alleged subsequent retaliation by Defendant Johnson. Compl. 9.  In his pleadings, Plaintiff does not allege that any of the other remaining defendants were involved the actions relating to

his sexual assault claim. *Id.* Rather, the other remaining defendants are parties to this lawsuit on other, unrelated claims connected with to Plaintiff's assignment to segregation units. Plaintiff's claims against Defendant Johnson do not arise out of the same transaction, occurrence, or series of transactions or occurrences with the other defendants. There is also no question of law or fact common to Johnson and the other remaining defendants. This Court thus recommends Defendants motion to sever parties be granted. This dismissal should be without prejudice, affording Plaintiff an opportunity to refile.[2] Plaintiff's claims against Defendants Williams, Chatman, McCloud, Bishop, Toole, Paul, Powell, Logan, Bryson, Upton, Jacobs, DeLoach, and Dean should be dismissed without prejudice.

## CONCLUSION

For the reasons explained above, it is recommended that Defendants Davis and Shumake's motion be granted, Defendants' motion to dismiss for misjoinder be granted, and Plaintiff's motion for preliminary injunction be denied. Plaintiff's motion to appoint counsel, and motion to object are denied. Plaintiff's motion to amend is granted in part. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

---

[2] The Court notes that Plaintiffs remaining allegations are characterized by Plaintiff as ongoing in nature. The claims relate to Plaintiff's continued confinement—and the conditions of that confinement—in Tier II/SMU. Thus they would not be barred by any applicable statute of limitation.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 27th day of February, 2017.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE