IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TROY MAJOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:15-CV-483 (MTT) |
| ROBERT TOOLE, Warden, *et al.*, | ) ) ) |
| Defendants. | ) ) |

# ORDER

Before the Court is the Recommendation (Doc. 67) of Magistrate Judge Stephen Hyles regarding Defendants Sergeant Davis and Sergeant Shumake's motion to dismiss Plaintiff Troy Major's excessive force claims for failure to exhaust his administrative remedies (Doc. 56); the Defendants' Motion to Sever Major's due process claims against Defendants Warden Stanley Williams, Bruce Chatman, Rodney McCloud, June Bishop, Warden Robert Toole, John Paul, Deputy Warden Powell, Rufus Logan, Commissioner Homer Bryson, Steve Upton, Rick Jacobs, Linton DeLoach, and Betty Dean for misjoinder (Doc. 57); and Major's Motion for Injunctive Relief (Doc. 66). The Magistrate Judge recommends dismissing the excessive force claims against Davis and Shumake for failure to exhaust administrative remedies. Doc. 67 at 9. The Magistrate Judge also recommends granting the Defendants' motion to sever and thus dismissing the claims against Defendants Williams, Chatman, McCloud, Bishop, Toole, Paul, Powell, Logan, Bryson, Upton, Jacobs, DeLoach, and Dean. *Id.* at 11. Finally, the Magistrate Judge recommends denying Major's motion for injunctive relief. *Id.* at 5. Neither party has objected to the Recommendation. Nevertheless, in an

abundance of caution, the Court has conducted a de novo review and the Recommendation is **ADOPTED in part and REJECTED in part.**

The Recommendation states this Court's Order (Doc. 62) concluded that the failure to intervene claims against Defendants Smith and DeLoach should proceed. Doc. 67 at 2.  However, this is not the case.  In response to the Magistrate Judge's recommendation that those claims be dismissed, this Court ordered that those claims be remanded to the Magistrate Judge for consideration of new allegations stated in Major's Objection (Doc. 55).  Doc. 62 at 2 ("The failure to intervene claims against Defendants DeLoach and Smith are REMANDED . . . .").  After this, the Magistrate Judge never clarified whether those claims would be allowed to proceed.  Therefore, as it stands, Major's failure to intervene claims against Defendants Smith and DeLoach have not yet been properly screened.  Moreover, from the record, it does not appear that Smith has ever been served with process.  Thus, Smith did not take part in the motion to sever and DeLoach did so only as to the due process claim against him.

Therefore, to the extent it pertains to the failure to intervene claims against Smith and DeLoach, the Recommendation is **REJECTED**.  The Recommendation is **ADOPTED** only insofar as it relates to Davis and Shumake's motion to dismiss for failure to exhaust; the Defendants', including DeLoach, motion to sever the due process claims; and Major's motion for injunctive relief.  Accordingly, Defendants Davis and Shumake's motion to dismiss (Doc. 56) is **GRANTED**.  The claims against Defendants Davis and Shumake are **DISMISSED for failure to exhaust administrative remedies**.[1] The Defendants' Motion to Sever is **GRANTED**.  The due process claims against

---

[1] Any amendment to the complaint would be futile because, according to GDOC standard procedures, Plaintiff cannot now exhaust his administrative remedies.  See Doc. 56-2.

Defendants Williams, Chatman, McCloud, Bishop, Toole, Paul, Powell, Logan, Bryson, Upton, Jacobs, DeLoach, and Dean are **DISMISSED without prejudice** allowing Major to re-file.[2]  Major's Motion for Injunctive Relief is **DENIED**.  The only remaining claims are the sexual assault and retaliation claims against Defendant Johnson and potentially the failure to intervene claims against Smith and DeLoach, pending a proper screening.

**SO ORDERED**, this the 28th day of March, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] As the Magistrate Judge notes, Plaintiff's claims against Defendants Williams, Chatman, McCloud, Bishop, Toole, Paul, Powell, Logan, Bryson, Upton, Jacobs, DeLoach, and Dean relate to his continued confinement in Tier II/SMU and are continuing in nature.  Thus, the claims would not be barred by any applicable statute of limitations.