IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TROY MAJOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-483 (MTT) |
| TIMOTHY SMITH, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

United States Magistrate Judge Stephen Hyles recommends granting Defendants DeLoach and Smith's motion to dismiss (Doc. 77) because Plaintiff Troy Major failed to exhaust his administrative remedies. *See generally* Doc. 88. Major has not objected to the Recommendation.[1] The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, Defendants DeLoach and Smith's motion to dismiss (Doc. 77) is **GRANTED**, and Major's claims against DeLoach and Smith are **DISMISSED without prejudice** for failure to exhaust administrative remedies.[2]

---

[1] The Court also notes that Major did not respond to the Defendants' motion to dismiss despite being ordered to respond and advised of a plaintiff's burden in response to a motion to dismiss for failure to exhaust administrative remedies. *See generally* Doc. 79.

[2] The applicable two-year statute of limitations appears to have run. Therefore, the dismissal is, in effect, likely with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). Some circuits have held that equitable tolling applies while a prisoner exhausts his administrative remedies, but the Eleventh Circuit has not made such a holding. *See Napier v. Preslicka*, 314 F.3d 528, 534 n.3 (11th Cir. 2002) (citing *Clifford v. Gibbs*, 298 F.3d 328, 332-33 (5th Cir. 2002)); *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001). The Eleventh Circuit has,

**SO ORDERED,** this 23rd day of February, 2018.

                                              S/ Marc T. Treadwell
                                              MARC T. TREADWELL, JUDGE
                                              UNITED STATES DISTRICT COURT

---

however, suggested that Georgia's renewal statute, O.C.G.A. § 9-2-61, applies in 42 U.S.C. § 1983 cases. *See Scott v. Muscogee Cty.*, 949 F.2d 1122, 1123 (11th Cir. 1992). Regardless, even if Major is barred from refiling these claims, dismissal is appropriate. Major was advised of the consequences of a motion to dismiss for failure to exhaust administrative remedies, instructed to supplement the record as to the issue of exhaustion, and given an opportunity to do so. Doc. 79 at 2-3. The record shows that Major has failed to exhaust his administrative remedies. *See Bryant v. Rich*, 530 F.3d 1368, 1375 n.11 ("We do not mean to say today that a failure to exhaust can never correctly result in a dismissal with prejudice." (citing *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005); *Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2004))).