**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TROY MAJOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:15-CV-483 (MTT)** |
| | ) | |
| | ) | |
| **Lieutenant JOHNSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## ORDER

Plaintiff Troy Major moves for the appointment of counsel. Doc. 92. This is the third time Major has filed such a motion. Docs. 9; 64. He first moved for the appointment of counsel prior to his initial screening, and that motion was denied by U.S. Magistrate Judge Stephen Hyles, who previously presided over this case. Docs. 9;18 at 2. In denying that order, the Magistrate Judge found the facts stated in Major's complaint to not be complicated and that the law governing Major's claims was neither novel nor complex. *Id.* The Magistrate Judge made similar findings in denying Major's second motion to appoint counsel (Doc. 64). Doc. 67 at 3-4.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Nevertheless, "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Rather, "it is a privilege that is justified only by exceptional circumstances." *Id.* In deciding whether legal counsel should be provided, the Court

considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

Major argues the complexity of his case requires the appointment of counsel. Doc. 92 at 1-2. Major initially stated an ordinary § 1983 claim, albeit against 24 defendants. *See generally* Doc. 1. This is not the sort of exceptional circumstance that would justify the appointment of counsel. *See Wahl*, 773 F.2d at 1174. And now, only his sexual assault and retaliation claims against Defendant Javaka Johnson remain, rendering his case even less complex than it previously was. Major also argues counsel should be appointed for various other reasons, including: (1) because he is unable to obtain private counsel on his own; (2) he has limited access to the law library; (3) he has a conflict of interest with the law librarian, who he is suing in another action; (4) he suffers from mental health issues; and (5) that the case will involve "conflicting testimony." *Id.* Despite his stated reasons why he cannot represent himself, Major has shown an ability to do so throughout the pendency of this case by arguing the facts and relevant law. And the Court finds that the essential facts and legal doctrines in this case are ascertainable to him without the assistance of an attorney. In sum, nothing in Major's current motion inclines the Court to deviate from the Magistrate Judge's denials of Major's two previous motions.

Accordingly, Major's motion to appoint counsel (Doc. 92) is **DENIED**.

**SO ORDERED**, this 26th day of April, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT