**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TROY MAJOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:15-CV-483 MTT** |
| | ) | |
| | ) | |
| **WARDEN ROBERT TOOLE, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

In this 42 U.S.C. § 1983 pro se prisoner case, the remaining defendant, Javaka Johnson, moves for summary judgment on Plaintiff Toole's two remaining claims: Eighth Amendment sexual assault and First Amendment retaliation. Doc. 96. For the following reasons, that motion (Doc. 96) is **GRANTED** as to both claims.

### I. BACKGROUND

Plaintiff Troy Major brought this suit alleging constitutional violations during a search of his cell in the early morning of February 7, 2014. Doc. 1 at 9. The officers conducted a visual search of his anal cavity. *Id*.; Doc. 96-3 at 2. The Plaintiff alleges he told Lieutenant Johnson, the officer instructing him to submit to the visual search, that he objected on religious grounds, saying he was a Muslim and found the instructions to be "of a homosexual nature." Doc. 1 at 9. The Plaintiff alleges Johnson responded by handcuffing Major, reaching into his cell with his hand, and rubbing the area between the Plaintiff's buttocks, commenting, "That's for calling me gay." *Id*. The Plaintiff alleges

he was then escorted to the shower, where he informed an unnamed sergeant of Johnson's actions and requested to receive medical attention and to speak with a Prison Rape Elimination Act ("PREA") staff member. *Id*. The Plaintiff alleges his request was refused and that a Lieutenant Jones[1] told him that he had "just made things harder on [him]self." *Id*. The Defendant denies making sexual comments to the Plaintiff or touching him sexually, and he claims he is not aware of the complaint the Plaintiff alleges he made to the prison staff that night. Doc. 96-3 at 2.

The search turned up contraband—two cell phone batteries and a bag of marijuana, according to the Defendant. Doc. 96-3 at 3. The Plaintiff does not contest this, but maintains that after he had reported Johnson's actions to the sergeant, Johnson had "returned to the plaintiff's cell" and "planted contraband" there. Doc. 1 at 9. The Plaintiff alleges this was done both in retaliation and to discredit the Plaintiff's sexual allegations against Johnson; the Defendant denies planting contraband. Docs. 1 at 19; 100 at 3; 96-3 at 3. The prison held a disciplinary hearing on February 13, 2014, at which the Plaintiff was found guilty of possessing contraband and sanctioned by restriction of privileges and placement in isolation for 28 days. Doc. 96-4 at 62.

The Plaintiff brought this lawsuit against Johnson and other prison officials. Doc. 1. The only remaining claims in this case are the Eighth Amendment claim against Johnson for the alleged events of February 7, 2014, and the retaliation claim against Johnson for allegedly planting contraband in his cell and manufacturing a false

[1] Lieutenant Jones does not appear elsewhere in the complaint, and it is possible the Plaintiff meant to refer to Lieutenant Johnson. If he is referring to Johnson, it does not affect the analysis of any of the issues discussed below.

disciplinary report. *See* Docs. 70 at 2-3; 90 at 1. The Defendant now moves for summary judgment on those claims. Doc. 96.

## II. DISCUSSION

### A. Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Rather, "the moving party simply may 'show[ ]—that is, point[ ] out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (alterations in original) (quoting *Celotex*, 477 U.S. at 324). Alternatively, the

movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249-50). Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. … The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. "Although [the Court] must view factual inferences favorably toward the nonmoving party and pro se complaints are entitled to a liberal interpretation by the courts. . . a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### B. The Defendant's Objection to the Plaintiff's Summary Judgment Response

The Defendant notes that the Plaintiff has filed an unsworn response and failed to dispute the statement of material facts set forth by the Defendant. Doc. 101 at 1. The Defendant argues that his statement of material facts should, therefore, be deemed

admitted. *Id*. Cognizant of the Plaintiff's pro se status, the Court advised the Plaintiff that the Defendants had filed a motion for summary judgment and that the Plaintiff "must respond by filing affidavits, depositions, or other materials to persuade the Court that the case must be presented to a jury for resolution." Doc. 97 (citations omitted). The Court also told the Plaintiff to "file a separate concise statement of material facts responding to the numbered paragraphs of the moving party's statement." *Id*.; *see* Local Rule 56. The Court specifically informed the Plaintiff that he could "NOT oppose summary judgment simply by relying on the allegations in [his] pleadings." Doc. 97. The Plaintiff did respond to the Defendant's motion for summary judgment, but he failed to support his allegations with affidavits or other evidence. He also failed to file a separate statement of material facts. Even if the Plaintiff had wholly failed to respond to the motion for summary judgment, however, the Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits of a motion for summary judgment, even an unopposed motion, the Court must, at least, "review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id*. at 1101-02. In other words, the Court cannot simply accept the facts stated in a moving party's statement of material facts as true, but must also review the movant's citations to the record and confirm that there are no issues of material fact. *Id*. at 1103 n. 6. Because the Defendant's facts are supported by record evidence (*see* Docs. 96-3; 96-5) and the Plaintiff has not contradicted them with specific citations to the record, the Court could accept the

Defendant's factual assertions as true. *See Williams v. Slack*, 438 F. App'x 848, 849-51 (11th Cir. 2001). In light of the Plaintiff's pro se status, however, the Court has considered the content of the Plaintiff's response to the Defendant's motion for summary judgment along with all of the evidentiary materials on file. Even accepting the Plaintiff's statements in his response and complaint as evidence, the Defendant is entitled to summary judgment.

**C. Eighth Amendment Claim**

“[S]evere or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment.” *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006). To prove sexual abuse, a prisoner must satisfy "an objective component of the inquiry, which requires that the injury be ‘objectively, sufficiently serious,’ and a subjective component, which requires that the prison official had a ‘sufficiently culpable state of mind.’” *Id*. “However, the Supreme Court has since clarified that, if the amount of force used is disproportional with the level of injury sustained, courts should focus their inquiry on whether the prison official used more than a *de minimis* amount of force.” *Reid v. Sec'y, FL Dept of Corr.*, 486 F. App'x 848, 851 (11th Cir. 2012) (citing *Wilkins v. Gaddy,* 559 U.S. 34 (2010)). The seriousness of the injury, however, may still be factor in the determination of whether the officer used excessive force. *Id*. “The standard in determining if a prison official used excessive force is whether the force was used maliciously and sadistically to cause harm.” *Id*. (quotation marks and citation omitted).

Viewing the evidence in the light most favorable to the Plaintiff, there is no issue of material fact on the Plaintiff’s Eighth Amendment claim, and the Defendants are entitled to summary judgment. The Plaintiff’s complaint alleges Johnson rubbed the

area between his buttocks. Doc. 1 at 9. The Plaintiff has reiterated the truth of that allegation, *see* Doc. 100 at 1-2, but he has not developed any additional evidence supporting his Eighth Amendment claim. In the Eleventh Circuit, a one-time act of sexual touching does not violate the Eighth Amendment. *See Washington v. Harris*, 186 F. App'x 865, 866 (11th Cir. 2006) (finding that grabbing an inmate's genitals and kissing him on the mouth "is not repugnant to humanity's conscience"); *see also Satcher v. Thomas*, 2014 WL 3396063, at *4 (N.D. Ala. 2014) (finding that grabbing an inmate's genitals and buttocks was not sufficient to violate the Eighth Amendment); *Parker v. Singletary*, 2011 WL 720065, at *3 (2011) (stating courts have found constitutional violations only for "acts beyond mere touching"); *but see Laster v. Lee*, 2017 WL 4324631, at *4 (S.D. Fla. 2017) (denying summary judgment on an Eighth Amendment claim when the prisoner had been sexually touched and digitally penetrated).

Here, the alleged sexual touching was less objectively severe and less repugnant to the conscience of humanity than the conduct in *Washington v. Harris* and the conduct in *Boxer X*, and in both of those cases, there was no violation. 186 F. App'x at 866; 437 F.3d at 1111. Further, the Defendant's alleged conduct is one-time, rather than repetitive (as in *Boxer X*), and the alleged sexual touching is less intrusive than the touching at issue in *Washington v. Harris*. Accordingly, taking the Plaintiff's version of the facts as true and viewing the evidence in the light most favorable to the Plaintiff, there was no Eighth Amendment violation. Even if this conduct did violate the Constitution, there certainly is not a relevant case clearly establishing that violation. Thus, the Defendant is also entitled to prevail on qualified immunity.

**D. Retaliation Claim**

To make out a claim for retaliation, a plaintiff must show that "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech [the grievance]." *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (alterations in original) (quotation marks and citation omitted). As to the first element, "[i]t is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). For the second element, the plaintiff must show that the adverse action "would deter a person of ordinary firmness from exercising his or her First Amendment rights." *Bennett v. Hendrix*, 423 F.3d 1247, 1252 (11th Cir. 2005). For the third element, the Eleventh Circuit uses a burden-shifting framework: "[o]nce the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm [i.e., disciplinary action], the burden of production shifts to the defendant." *O'Bryant*, 637 F.3d at 1217 (alterations in original) (quotation marks omitted). If the defendant can show he would have taken the same action in the absence of the plaintiff's protected activity, he is entitled to summary judgment. *Id*. at 1219. Additionally, if a plaintiff inmate was convicted of a violation of a prison rule at a prison disciplinary hearing at which he received due process, "the prisoner cannot later state a retaliation claim against the

prison employee who reported the infraction in a disciplinary report." *O'Bryant*, 637 at 1215.

The Plaintiff claims contraband was planted in his cell and he was written up for possessing that contraband in retaliation for his report of sexual assault and his request to speak with a PREA member. Doc. 1 at 9. For the purposes of this motion, the Court will assume, without deciding, that a report of sexual assault to a prison officer is protected conduct under *Mosley*. As to adverse action, Johnson found contraband and wrote up the Plaintiff in a disciplinary report, and sanctions were issued against him, including 28 days of isolation. Docs. 96-3 at 3-4; 96-4 at 62. That is sufficient to deter a person of ordinary firmness. *See Mosley*, 532 F.3d at 1277. The Plaintiff has maintained, based on speculation as far as the record reveals, that the Defendant planted the contraband in his cell. Docs. 1 at 9; 100 at 3. The Defendant has adduced evidence that it was not planted. Docs. 96-3 at 3; 96-5 at 2; 96-4 at 55-61 (documenting a history of problems with possession of marijuana and cell phones).

The Defendant argues that the Plaintiff cannot prove a case for retaliation because a hearing at the prison determined he had, in fact, possessed contraband. Doc. 96-1 at 12-13. "If a prisoner is found guilty of an actual disciplinary infraction after being afforded due process *and* there was evidence to support the disciplinary panel's fact finding, the prisoner cannot later state a retaliation claim against the prison employee who reported the infraction in a disciplinary report. Whether an inmate actually committed the charged infraction or whether the disciplinary report falsely accuses the inmate are questions of fact that are decided by the disciplinary panel." *O'Bryant*, 637 F.3d at 1215 (emphasis in original); *see Moton v. Walker*, 545 Fed. App'x

856, 860-61 (11th Cir. 2013). The Defendant points to such a conviction. Docs. 96-1 at 12-13; 96-4 at 62. The Plaintiff, in his response, claims he was denied due process at the hearing. Doc. 100 at 2.

Due process requires that prisoners receive advance written notice of charges, an opportunity to call witnesses and present documentary evidence, and a written statement by the factfinder outlining the disciplinary decision and the evidence and reasoning behind it. *O'Bryant*, 637 F.3d at 1213. As to the constitution's requirement for sufficient evidence, courts have consistently held that due process requires only that decisions in prison hearings be supported by "some evidence" or have "some basis in fact." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 456 (1985).

Here, the Plaintiff does not quarrel with the sufficiency of the evidence supporting the decision, but instead claims that the hearings lacked the constitutional minimum of procedural safeguards. Specifically, he claims his "due process rights were violated by the Hearing Officer. Plaintiff requested surveillance footage of the incident he reviewed as evidence for defense to no avail [sic]." Doc. 1 at 10; *see also* Doc. 100 at 2. The Defendant has produced an affidavit from Vivien Bell, the operator of the camera, who says the GDOC has not been able to find the footage, and that the footage may not have been retained because there was no use of force during the search and no allegation of sexual assault until eleven days afterward. Doc. 96-5 at 3. It seems that the Plaintiff believes this evidence would have been exculpatory. Doc. 100 at 2-3.

In the Eleventh Circuit, however, inmates facing disciplinary proceedings do not have a constitutional right to the disclosure of material, exculpatory evidence. *Kenney*

*v. Barron*, 239 F. App'x 494, 495 (11th Cir. 2007) ("We have never held that the principles of *Brady* extend to prison disciplinary hearings, and we need not decide that issue in this case"); *see O'Connor v. Kelley*, 2014 WL 1133522, at *11 (N.D. Fla. Mar. 21, 2014), *aff'd,* 644 F. App'x 928 (11th Cir. 2016) (denying due process claim when prisoner alleged he was deprived of favorable evidence at a prison disciplinary hearing). Because prisoners facing disciplinary proceedings have no right to the disclosure of exculpatory evidence, the Plaintiff's allegation that the surveillance footage was withheld does not cast doubt on whether he received due process at the hearing. Additionally, the Defendant's affidavits clearly provide some evidence to sustain the result of hearing. Docs. 96-3 at 3; 96-5 at 2. Accordingly, the Plaintiff was afforded due process at the disciplinary hearing. Because the Plaintiff was found guilty of possession of contraband at that hearing, his retaliation claim fails. *See O'Bryant*, 637 F.3d at 1215.

## III. CONCLUSION

For the reasons stated above, the Defendants' motion for summary judgment (Doc. 96) is **GRANTED** as to both his Eighth Amendment claim and his retaliation claim. Accordingly, the Plaintiff's complaint (Doc. 1) is **DISMISSED with prejudice**.

**SO ORDERED**, this 6th day of November, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT